**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSTON PANABAKER; SHERI PANABAKER; JOHN J HUTSON; JENNIFER L. HUTSON; DAVID T. JOHNSON; PAULA BLANCHET; SUSANNA JOHNSON; MATTHEW BERENSON; ROBERTA THOMPSON; MARK D. TAYLOR,<br><br>    Plaintiff-Ctr-Defendants - Appellants,<br><br>  v.<br><br>CITY OF HOOD RIVER,<br><br>    Defendant-Ctr-Claimant - Appellee. | No. 25-2638<br><br>D.C. No.<br>3:24-cv-00901-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted July 7, 2026
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Plaintiffs are individuals who own homes in Hood River, Oregon, but reside

outside Oregon. They appeal the district court's decision granting summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment in favor of Defendant City of Hood River.  Plaintiffs claim that the City's

Ordinances Nos. 2026, 2028, and 2083, which regulate the short-term rental of

housing, violate the dormant Commerce Clause.  Reviewing de novo, Nat'l Ass'n

of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012), we

affirm.

　　　1.  The ordinances do not discriminate against out-of-state interests.  See

Rosenblatt v. City of Santa Monica, 940 F.3d 439, 445 (9th Cir. 2019) (stating the

legal standard for discrimination under the dormant Commerce Clause).  The

ordinances provide that a dwelling in a residential zone may be rented on a short-

term basis only if that dwelling is "the primary residence of the property owner" or

of "a tenant under a long-term lease."  Hood River Municipal Code ("HRMC")

§§ 5.10.050(A)(2), 17.04.115(C)(1).  Like the ordinance at issue in Rosenblatt,

Hood River's ordinances apply equally to Plaintiffs and "to owners who reside in

[Hood River], but at a property separate from their rental property."  940 F.3d at

451; see id. at 450–51 (rejecting the argument that the ordinance discriminates by

"allowing only Santa Monica residents to engage in short-term rentals").[1]  "While

---

[1] Contrary to Plaintiffs' contention, Rosenblatt's resolution of that issue constitutes binding circuit law.  See Barapind v. Enomoto, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc) (per curiam) (explaining that a reasoned holding is precedential whether or not deciding the issue was necessary to the case's disposition).  Likewise, Plaintiffs' argument that the plaintiff in Rosenblatt lacked standing to represent nonresidents' interests does not "undermine the precedential value of its holding."  Newdow v. Lefevre, 598 F.3d 638, 645 (9th Cir. 2010).

non-resident property owners cannot personally serve as the primary resident" required by the ordinances, "that is because they are not similarly situated to the [Hood River] residents who can." Id. at 451.

Furthermore, the ordinances do not "prevent an out-of-state homeowner . . . from being able to extract economic value from the property." Id. at 450. Finding a long-term tenant who is amenable to short-term renters may present some difficulty, but a similar difficulty was apparent in Rosenblatt, see id. at 450–51, and Plaintiffs present no evidence that they cannot find such long-term tenants. See Rocky Mtn. Farmers Union v. Corey, 730 F.3d 1070, 1100 (9th Cir. 2013) (describing the plaintiff's high evidentiary burden of showing a discriminatory effect).[2] Indeed, Oregon law provides that a landlord and tenant may mutually agree to "allow an individual to become a temporary occupant of the tenant's dwelling unit." Or. Rev. Stat. § 90.275(1).

2. Plaintiffs' argument under Pike v. Bruce Church, Inc., 397 U.S. 137 (1970), fails because they have not introduced evidence that the ordinances impose a "'substantial' or 'significant' burden on interstate commerce." Flynt v. Bonta,

---

[2] Plaintiffs' affidavits stated that they could not comply with the ordinances in effect in 2023, which permitted short-term rentals in residential zones only if the property served as the owner's primary residence. But Plaintiffs submitted no evidence concerning Ordinance No. 2083, which took effect in 2024 and allowed the primary-residence requirement to be satisfied by a long-term tenant.

131 F.4th 918, 925 (9th Cir. 2025), <u>cert. denied</u>, 146 S. Ct. 1490 (2026). Even if property owners who live outside Oregon are unable as a practical matter to offer short-term rentals in residential zones, they still may offer month-to-month rentals. <u>See</u> HRMC § 17.01.060 (defining "non-transient rental"). And the loss of "a preferred, more profitable method of operating" in a market is not a substantial burden. <u>Nat'l Ass'n of Optometrists & Opticians</u>, 682 F.3d at 1154. Moreover, "a loss to some specific market participants does not, without more, suggest that the state statute impedes substantially the free flow of commerce from state to state." <u>Flynt</u>, 131 F.4th at 932–33 (citation omitted).

3. The district court did not commit any procedural error that requires a remand. Assuming, without deciding, that the district court erred by accepting a late-filed declaration, any error was harmless. The declaration purported to demonstrate the ordinances' benefits, which "we need not examine" because Plaintiffs failed to establish a substantial burden under <u>Pike</u>. <u>Nat'l Ass'n of Optometrists & Opticians</u>, 682 F.3d at 1155. And, contrary to Plaintiffs' contention, the City's motion for summary judgment does not raise disputes of material fact. Finally, the district court did not fail to address Plaintiffs' argument that the ordinances eliminated existing lawful uses of property. Before the district court, Plaintiffs so argued in the context of the ordinances' severability—an

analysis that, as Plaintiffs acknowledged, the district court would conduct only if it determined that the ordinances were unconstitutional.

**AFFIRMED.**